Mason, J.
This is an action of contract in which the Worcester County Trust Company was summoned as trustee. The trustee answered that it had in its hands $251.02. This was a deposit to the credit of the defendant, Arthur D. Keown. One William T. Stockwell appeared and made claim to this deposit.
The question now is as to the correctness of the rulings of the Trial Court in granting the plaintiff’s motion to charge the trustee.
The adverse claimant filed the following requests for rulings:
1. In the absence of special facts checks drawn on a bank account are to be applied against deposits to such account in the order of their respective dates. (205 Mass. 356 at 361, 26 R C. L. 1357.)
2. When a man mingles with his own personal funds in a bank account other funds impressed with a trust in favor of another, and then makes withdrawals, it is presumed as a matter of law that he first withdraws his own funds as long as they last before withdrawing any of the trust money. (205 Mass. 356 at 361, 26 R O. L. 1357.)
3. As a matter of law on all the evidence the entire balance of funds in the account of the defendant as reported in the trustee’s answer is the property of the adverse claimant, William T. Stockwell.
The court ruled as requested in requests #1 and #2, but found them not applicable to the facts in the case.
The court declined to rule as requested in request #3.
The court found the following facts:
“This case came to be heard upon a motion to. charge trustee on its answer and upon the appearance of an adverse claimant. The trustee had answered funds in *387 the amount of $251.02. The claim of the adverse claimant was in substance that he had had some business transaction with the defendant Keown and had furnished certain sums of money for the purchase of a quantity of apples; that the claimant and defendant Keown had purchased the crop of an apple orchard and stored the apples into the winter and spring of 1939 and that the charges of money borrowed from the storage company, the storage charges and the commission charges were paid as the apples were sold and that the net profit was to be divided between the defendant Keown and the claimant Stockwell; that as the proceeds of sale came in from the commission merchant, checks were made payable to Keown and Stock-well and that Keown endorsed the checks for deposit and deposited them in his private checking account in the Worcester County Trust Company; that the claimant Stockwell knew that these checks were received by Keown and knew that they were deposited in the private checking account of Keown; that Keown used the money to pay private bills of his own and that he told Stockwell that he was so using the money.
“Stockwell testified that he made no objection to Keown so using the funds and that he had never made any demand for any part of the money; that all the money totaling $1700 or $1800 had in this way been paid to Keown and that he had used it all for his private obligations excepting the balance of $253.02 which remained in the checking account at the time of service on the bank as trustee; that the total deposits made from these transactions in the said checking account were about $1418.36; that the only money deposited in the account which were not part of these transactions was the sum of $223.27 and that the remainder of $1195.09' were all checks received from the apple transactions.
“Upon all the evidence I find that the claimant Stock-well consented to the defendant Keown using the funds as his own; that the claimant had knowledge at all times that Keown was so using the funds; I therefore find that the claimant is estopped from claiming the remaining funds in the bank. I therefore allow the motion to charge the trustee upon its answer.”
*388 •The adverse claimant argues that it was error to hold that the first two rulings requested were inapplicable to the facts found. He cites several cases in which trust funds had been mingled with funds of a depositor in a bank, and where by applying the rules stated in the requests it had been determined that a claimant had an equitable interest in the deposit which could be enforced against creditors or representatives of the person in whose name the deposit stood.
But the burden of proof was on the claimant to show that the funds deposited by the defendant were in fact funds belonging to the claimant, and to be held in trust for him by the defendant. The Trial Court did not so find. The finding that the claimant, Stockwell, consented to the acts of the defendant, Keown, in treating the funds as his own amounts to a finding of consent to a loan of partnership funds to Keown. In this event the partnership is a creditor of Keown, and a single partner is not the beneficiary of a trust fund constituting this bank deposit. Upon this finding of fact the Trial Court was not required to grant any of the rulings requested by the adverse claimant.
We find no prejudicial error in the refusal of the Trial Court to rule as requested by the adverse claimant, and the report must be dismissed.